JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN GRANT and SHINIQUA EVANS, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No: CV 21-2268-GW-JEMx<br><br>[Originally Los Angeles County Superior Court Case No.: 20STCV48067]<br><br>Assigned to Hon. George H. Wu<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL AND JUDGMENT**<br><br>Hearing Date: April 24, 2023<br>Hearing Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: December 16, 2020<br>Trial Date: None Set |

Before the Court is Plaintiff's Motion for Final Approval of Class and Representative Action Settlement and Motion for Award of Attorneys' Fees, Costs, and Class Representative Service Award filed by Plaintiff Shiniqua Evans "Plaintiff" or "Class Representative"). Defendant T-Mobile USA, Inc. does not oppose the Motions. Because the settlement is fundamentally fair, reasonable, and adequate, and the fee request is reasonable and well supported, the Court grants the Motions, approves the settlement, and enters final judgment.

On May 4, 2023, the Court granted preliminary approval of a proposed class and representative action settlement (the "Preliminary Approval Order"). Dkt. No. 91. That Order included the following terms: (i) granted preliminary approval of a gross settlement in the amount of $5,500,000.00; (ii) The Court accepted and incorporated the Settlement Agreement and confirmed that the Class inclusive of two Subclasses is defined as follows:

- "FCRA Class" and "FCRA Class Members" mean and refer to all individuals throughout the United States for whom a background check report for employment purposes was authorized by the employee (or prospective employee) and completed during the period from and including December 16, 2018, through and including May 9, 2021.

- "Wage & Hour Class" and "Wage & Hour Class Members" mean and refer to all non-exempt California employees of Defendant who worked in Defendant's retail line of business during the period from November 27, 2019 through May 4, 2023, inclusive.

(iii) approved the class notice documents; (iv) appointed James R. Hawkins and Christina M. Lucio of James Hawkins APLC as Class Counsel; (v) appointed Shiniqua Evans as the Class Representative for the Settlement Class; (vi) appointed Rust Consulting as the Settlement Administrator; and (vii) set a hearing on a motion for final approval.

Plaintiff now moves for final approval of the proposed settlement and for an

award of attorneys' fees, costs and expenses, class representative enhancement award, and settlement administrator expenses. The Court held a final fairness hearing on October 5, 2023 to determine whether the class settlement should be granted final approval as "fair, adequate, and reasonable" pursuant to Federal Rule of Civil Procedure 23(e) and to allow all proposed settlement class members an opportunity to comment on the settlement.

Having reviewed the papers and documents presented, the Court hereby ORDERS as follows:

1. The Court has jurisdiction over the Settlement Class Members and all claims asserted in the Action.

2. The Court finds that zero Settlement Class Members have objected to the Settlement and only six Settlement Class Members requested to be excluded from the Settlement.

3. The Court hereby grants final approval of the terms and conditions contained in the Parties' Joint Stipulation of Class Action Settlement and Release ("Settlement"). The Court finds that the terms of the Settlement are within the range of approval pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable law.

4. The Court finds that: (1) the settlement amount is fair and reasonable as to the Settlement Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant information exchange, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation including appeals; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties conducted at

arms-length with the assistance of a mediator. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the Settlement Class Members.

5.    The Court finds that the approved Notices of Settlement (Exhibits D1 and D2) constituted the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notices of Settlement fully and accurately informed the Settlement Class Members of all material elements of the proposed Settlement, of Class Members' right to be excluded from the Settlement, instructions for how Class Members in the Wage & Hour Class can dispute the number of workweeks credited to them, and of the Class Members' right and opportunity to object to the Settlement. The Notices also provided FCRA Class Members with instructions on how to file a claim.  A full opportunity has been afforded to the Settlement Class Members to participate in this hearing. Accordingly, the Court determines that all Settlement Class Members, except the six Class Members who timely and properly executed a request for exclusion (Raquain Franklin, Jessica Brown, Amber Bland, Hayden Searcy, Seth Beurmann, and Castellon Kenny) are bound by this Order and the Judgment.   At the hearing on the Motion for Final Approval, the Court also determined that Ezequiel Paredes would be excluded from the Settlement based upon his request to the Court.

6.    The Court accepted and incorporated the Settlement Agreement and confirmed that the Class defined as follows:

- "Class Member(s)" or "Settlement Class" means all persons who are members of the FCRA Class and/or the Wage & Hour Class.

The Court further approved the PAGA Group Members defined as follows:

- All persons who were employed by Defendant as non-exempt, hourly employees who worked in Defendant's retail line of business in California from December 15, 2019, through May 4, 2023.

7.    The Court hereby confirms the appointment of Shiniqua Evans as the Class Representative.

8. The Court hereby confirms the appointment of James R. Hawkins and Christina M. Lucio of James Hawkins APLC as Class Counsel.

9. The Court grants Class Counsel's request for attorneys' fees of $1,485,000.00 (27% of Gross Fund), and $21,767.17 in litigation costs. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiff and the Settlement Class, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Class Counsel are reasonable, and that the estimated hours expended are reasonable.

10. The Court confirms its approval of Class Representative Enhancement Award of $7,500.00 to Plaintiff Evans, and finds that this award is fair and reasonable for the work this individual provided to the Settlement Class and for the general release she executed.

11. The Court approves the $300,000.00 PAGA Payment, of which $225,000.00 (75%) will be paid to the Labor and Workforce Development Agency and the remaining $75,000 (25%) will be allocated to the PAGA Penalty Payment for distribution to the PAGA Group Members.

12. The Court hereby confirms the appointment of Rust Consulting as Settlement Administrator, and approves its reasonable administration costs of $175,000.

13. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are hereby barred. The Court permanently enjoins all of the Participating Class Members from pursuing, or seeking to reopen, any Released Claims against any of the Released Parties.

14. The Court **HEREBY ENTERS FINAL JUDGMENT** in this case in accordance with the terms of the Settlement, and this Order. This Order constitutes a final judgment. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and the Court's Order granting the award of attorneys' fees, costs, class representative service awards, and settlement administration expenses.

15. The Court shall retain jurisdiction to enforce the terms of the Settlement.

IT IS SO ORDERED.

Dated: October 11, 2023

_____
HON. GEORGE H. WU,
United States District Judge